OPINION
{¶ 1} Defendant-appellant Charles Jason Bright ("Bright") brings this appeal from the judgment of the Court of Common Pleas of Marion County finding him guilty of one count of aggravated robbery, two counts of kidnapping, and one count of tampering with evidence and sentencing him to a total of 15 years in prison.
 {¶ 2} On March 10, 2004, Bright entered the Fahey Bank, brandished a knife at the tellers, and ordered them to put the cash into the sack he had brought. Bright threatened to stab the tellers with the knife if they did not give him the money or activated the alarm. Bright grabbed one of the teller's left wrist and threatened to kill her. He also stuck the knife against the stomach of another teller and cut a hole in her sweater. Bright then left the bank with $8,826.00. In an attempt to dispose of evidence, Bright took off the clothes he wore during the robbery and left them beside nearby railroad tracks. The police were notified and an investigation was conducted. On March 12, 2004, the police questioned Bright at the police station. Bright was arrested and subsequently confessed to the robbery.
 {¶ 3} On March 25, 2004, the grand jury indicted Bright on one count of aggravated robbery, one count of robbery, two counts of kidnapping, and one count of tampering with evidence. Bright entered a not guilty plea on March 26, 2004. On September 23, 2004, a plea agreement was reached by the terms of which the State would dismiss the robbery charge and Bright would plead guilty to the remaining charges. The trial court accepted the guilty plea. On October 27, 2004, Bright was sentenced to nine years in prison for the aggravated robbery conviction, to six years in prison for each of the kidnapping convictions, and to five years in prison for the tampering with evidence conviction. The trial court then ordered that the third, fourth, and fifth counts would be served concurrent with each other, but consecutive to the first count resulting in a total sentence of 15 years in prison. Bright now appeals from this judgment and raises the following assignments of error.
The trial court erred when it failed to support its findings withreasons to justify the order for [Bright] to serve his sentencesconsecutively.
 The trial court abused its sentencing discretion by sentencing[Bright] to multiple sentences on allied offenses
 The trial court abused its sentencing discretion when it imposed thesentence based on facts not reflected in the jury verdict or admitted by[Bright].
 [Bright] received prejudicially ineffective assistance of counsel inviolation of his sixth and fourteenth amendment rights, as well as hisrights under Section 10, Article I, Ohio Constitution.
 {¶ 4} In the first assignment of error, Bright claims that the trial court's reasons were insufficient to support consecutive sentences. A trial court may impose consecutive sentences for multiple offenses if the court finds that consecutive sentences are necessary to protect the public or to adequately punish the offender and if the offender was on community control sanctions at the time the offense is committed. R.C.2929.14(E)(4)(a). If a trial court opts to impose consecutive sentences, it must make certain findings and place its reasons for imposing consecutive sentences on the record. R.C. 2929.19(B)(1)(c).
 {¶ 5} The trial court in this case made the following findings.
The Court makes the following specific findings that this Defendant isnot amenable to community control sanctions and specifically finds withregard to consecutive prison sentences that consecutive service isnecessary to protect the public from future crime or to punish thisDefendant, and that consecutive sentences are not disproportionate to theseriousness of the Defendant's conduct and to the danger this Defendantposes to the public.
 And the following apply: The Defendant committed the multiple offenseswhile awaiting trial or sentencing or while under community controlsanctions or post-release control. The harm caused by the multipleoffenses was so great or unusual that no single prison term for any ofthe offenses committed as part of a single course of conduct adequatelyreflects the seriousness of the offender's conduct, and the Defendant'shistory of convictions demonstrates that consecutive sentences arenecessary to protect the public from future crime by this Defendant.
* * *
Court wants to add that this prison sentence is what was previouslydiscussed between the State and this Defendant prior to his entering aplea to these charges. And further, that for this Defendant to receive themaximum prison sentence on these Counts, it would, uh, be in excess ofthirty years of imprisonment. So the Court by no means is imposing themaximum sentence to you.
* * *
As to the additional findings, the Court finds that the fact that youtraumatized the victims involved by the use of, uh, a deadly weapon andyour acts clearly indicate that consecutive sentencing is appropriate forthe acts that you committed.
* * *
I indicated that he already served or was serving a sentence of theprobation violation in Case Number 02 CR 49. I can make that specificfinding.
Sentencing Tr. 15-17. These findings meet all of the statutory requirements and set forth the trial court's reasons for imposing consecutive sentences. At the time Bright entered his plea, the State summarized the facts that would be presented at trial. This summary informed the trial court that Bright brandished the knife and threatened to kill the tellers and that he had the knife close enough to one of the tellers to actually cut her sweater with the knife. Given this information, the trial court could reasonably conclude that Bright's actions were intended to traumatize the victims and most likely did so, even though the victims chose not to make statements. The trial court also found that Bright committed this offense while on community control sanctions. Having given these reasons for imposing consecutive sentences, the trial complied with the statutory requirements. The first assignment of error is overruled.
 {¶ 6} The second assignment of error claims that the trial court erred by sentencing Bright to consecutive sentences on the kidnapping and the aggravated robbery charges. Bright was convicted of all of the charges after he entered a guilty plea to the charges. Entering a guilty plea waives all errors which may have occurred unless such errors prevented the defendant from entering a knowing and voluntary plea. State v.Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658. To prevail on this assignment of error, Bright's claim must be that had he known the offenses were allied offenses of similar import, he would not have entered a guilty plea to them. No such claim has been made. Instead, Bright merely asks this court to either modify the sentence by merging the offenses or to remand the matter to the trial court for a new sentencing. Bright does not ask that his guilty plea be withdrawn.
 {¶ 7} The facts of this case indicate that several separate acts occurred, although the acts were all a part of the larger transaction. Bright entered the bank, brandished the knife, and ordered the tellers to put the money in the bag he had brought. These acts provide the basis for the aggravated robbery. Bright also grabbed the wrist of one of the tellers and threatened to kill her if she did not do what he said, thus restraining her liberty. These actions provide the basis for one of the kidnapping charges. Bright then held the knife against the person of a second teller and cut her sweater. Bright threatened to kill her if she did not do what he wished. These actions provided the basis for the second kidnapping charges. Since these acts are separate, each with a different animus, they cannot be allied offenses of similar import within the meaning of R.C. 2941.25(A). State v. Cooper, 104 Ohio St.3d 293,2004-Ohio-6553, 819 N.E.2d 657, at ¶ 2. The second assignment of error is overruled.
 {¶ 8} In the third assignment of error, Bright claims that his sentence violates the mandates of Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. In State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-552, this court held that the trial court may impose more than the minimum sentence merely because the defendant has previously served a prison term. Id. at ¶ 39. "[O]nce a court determines that a defendant has served a prior prison sentence, the defendant is susceptible to any prison term within the range proscribed for that degree of felony — the statute no longer requires the court to impose the `shortest prison term authorized for the offense.'" Id. at ¶ 46. Thus, the restrictions set forth in Blakely are not implicated. State v. Moore, 3rd Dist. No. 1-04-09, 2005-Ohio-676.
 {¶ 9} Here, the trial court made a specific finding that Bright had served a previous prison term. Bright was in prison as a result of violating prior community control sanctions at the time of his plea hearing. Given this evidence, the trial court was no longer required by statute to impose the shortest prison term authorized. Thus, the restrictions set forth in Blakely do not apply. The third assignment of error is overruled.
 {¶ 10} Finally, Bright claims that he was denied effective assistance of counsel. "Reversal of convictions on ineffective assistance requires the defendant to show `first that counsel's performance was deficient and, second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" State v. Cassano,96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, at ¶ 81. The defendant must show that there was a reasonable probability that but for counsel's errors, the result of the trial court would have been different. Id. at ¶ 108.
 {¶ 11} In this case, Bright claims his counsel was ineffective for the following reasons: 1) counsel failed to object to the consecutive sentences and 2) counsel failed to object to the court's findings that Bright's actions caused trauma to the victims. This court addressed both of these issues in the first assignment of error. This court concluded that the trial court had not erred in making the finding of trauma or in imposing consecutive sentences. Thus, the failure to object could not reasonably be considered to be prejudicial. The fourth assignment of error is overruled.
 {¶ 12} The judgment of the Court of Common Pleas of Marion County is affirmed.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.