OPINION *Page 2 
{¶ 1} The defendant-appellant, Curtis B. Streeter ("Curtis"), appeals the August 1, 2006 Judgment of conviction and sentencing entered in the Court of Common Pleas of Allen County, Ohio.
 {¶ 2} Trooper Gerald Gibson ("Gibson") of the Ohio State Highway Patrol, who was assigned as an investigator at Allen Correctional Institution, conducted an investigation of inmates involved in drug activity. In December of 2004, Curtis was an inmate at Allen Correctional Institution and was one of several inmates under investigation by Gibson. As part of Gibson's investigation, he randomly listened to Curtis' telephone conversations. From one such call, Gibson learned that Curtis was to be released on January 15, 2005 and that another inmate, i.e. Peanut, wanted to take over the operation after Curtis' release.
 {¶ 3} Based upon this information, Gibson began listening to telephone calls made by Peanut and another inmate, Harvey Townsend ("Townsend"). As Gibson learned that Townsend was calling Curtis, he obtained the telephone number which was called to learn which inmates were calling Curtis. Gibson listened to various phone calls between one of the inmates, Graves, and Curtis from January through June of 2005. From a call on May 20, 2005, Gibson learned that drugs concealed inside a VCR/DVD player would be mailed on June 10, 2005. On June 10, 2005, while Gibson was monitoring Graves' phone calls, a call *Page 3 
was placed to Curtis who informed Graves that he was in the post office parking lot. On June 13, 2005, the box containing the VCR/DVD player was delivered to the chapel at Allen Correctional Institution and turned over to Gibson. Thirteen individually packaged bags of marijuana were found inside the VCR/DVD player, totaling 390.722 grams of marijuana.
 {¶ 4} On September 15, 2005, Curtis was indicted by the Allen County Grand Jury for one count of illegal conveyance of drugs of abuse onto the grounds of a detention facility, in violation of R.C. 2921.36(A)(2) and (G)(2), a felony of the third degree. On May 8, 2006, a jury trial began; however, on the following day, prior to trial resuming, Curtis withdraw his original plea of not guilty and entered a plea of guilty to the indictment. On July 24, 2006, a sentencing hearing was held and the trial court imposed a prison term of four years for the offense, to be served consecutively to a three year prison term, due to Curtis committing the new felony while on post release control.
 {¶ 5} On August 29, 2006, Curtis filed a notice of appeal raising the following assignment of error:
 THE TRIAL COURT COMMITTED AN ERROR OF LAW BY IMPOSING AN ADDITIONAL PRISON SENTENCE PURSUANT TO R.C. 2929.141(B)(1).
 {¶ 6} In Curtis' sole assignment of error, he argues that the trial court erred in imposing the additional three year prison term relating to his commission *Page 4 
of the felony in this case while he was on post release control. Specifically, he alleges that his post release control was invalidly imposed. He states that he cannot be sentenced to additional time in this case for violating the post release control because in his prior felony case wherein he was placed on post release control, he was not notified at his sentencing hearing that he would be subject to post release control nor was the post release control notice incorporated into the trial court's sentencing entry.
 {¶ 7} In Hernandez v. Kelly (2006), 108 Ohio St.3d 395, the Supreme Court of Ohio held that an offender may not be placed on post release control or be subject to sanctions for violating the terms of that control unless the trial court who sentenced the offender advised the offender about post release control at the sentencing and also incorporated the same notice into the judgment entry of sentencing. See also, State v. Jordan (2004), 104 Ohio St.3d 21.
 {¶ 8} R.C. 2929.191(A) provides,
 If, prior to the effective date of this section [July 11, 2006], a court imposed a sentence including a prison term of a type described in division (B)(3)(d) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(2) of section 2929.14, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that *Page 5 includes in the judgment of conviction the statement that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison.
This section was created to ensure compliance with changes in sentencing statutes. Hernandez, supra at ¶ 31-32. "`The goal [of truth-in-sentencing statutes] is that when the prosecutor, the defendant, and victims leave the courtroom following a sentencing hearing, they know precisely the nature and duration of the restrictions that have been imposed by the trial court on the defendant's personal liberty. * * *'" State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, ¶ 24, quoting Hernandez, 108 Ohio St.3d 395,2006-Ohio-126, ¶ 31-32.
 {¶ 9} Following the decision in Hernandez, the General Assembly amended R.C. 2967.28 to provide that when a trial court imposes a sentence that should include a mandatory term of post release control after the July 11, 2006 effective date of the amendment, "the failure of a sentencing court to notify the offender * * * of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division." R.C. 2967.28(B). See Am. Sub. H.B. No. 137. For those cases in which an offender was sentenced before the July 11, 2006 amendment and was not notified of mandatory post release control or in which there was not a statement regarding post release control *Page 6 
in the court's journal or sentence, R.C. 2929.191 authorizes the sentencing court before the offender is released from prison to "prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison."
 {¶ 10} The language in recent cases and statutes, along with that inHernandez, establishes that once an offender has been released after serving the prison term stated in the original sentencing entry, a trial court no longer possesses jurisdiction to re-sentence the offender in order to impose an erroneously omitted period of mandatory post-release control. Therefore, trial courts retain the authority to correct void sentencing orders, State v. Garretson (2000), 140 Ohio App.3d 554, 559, provided that the defendant has not served out the term of his sentence.Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 28, 30, 32. Once a defendant's journalized sentence has expired, however, re-sentencing is no longer an option. Id.
 {¶ 11} In January of 2001, Curtis was sentenced to a total prison term of four years mandatory in the Lucas County Court of Common Pleas for possession of crack cocaine, illegal manufacture of drugs, and possession of cocaine. He was given notice under R.C. 2929.19(B)(3) and of his appellate rights pursuant to R.C. 2953.08; however, he was not advised of his post release control notice under R.C. *Page 7 2929.19(B)(3) and R.C. 2967.28. In January of 2005, Curtis was released from prison following his four year mandatory term in prison with conditions of supervision. Between June 10 and 13, 2005, Curtis delivered drugs to a detention facility. On September 15, 2005, he was indicted by the Allen County Grand Jury for one count of illegal conveyance of drugs of abuse onto the grounds of a detention facility. On February 21, 2006, a Nunc Pro Tunc Judgment Entry was filed in the Lucas County Court of Common Pleas correcting the January 2001 sentencing entry to establish the post release control notice. On July 24, 2006, a letter was prepared for sentence enhancement for violation of post release control by the Ohio Department of Rehabilitation and Correction establishing that Curtis was being supervised under post release control. On that same day, the Allen County Court of Common Pleas sentenced Curtis to four years in prison for the offense in this case, and three years in prison due to Curtis committing the new felony while on post release control.
 {¶ 12} Based on these facts, we find that the original judgment entry contained no specific statement indicating that Curtis would be subject to post release control. Curtis served his entire four year mandatory term and was released from prison on January 15, 2005. Pursuant to R.C.2929.191, the sentencing court is authorized to prepare and issue a correction of the judgment of conviction to include post release controlbefore the offender is released from *Page 8 prison. (Emphasis added.) However, in this case, the Lucas County Court of Common Pleas did not issue its Nunc Pro Tunc Judgment Entry purporting to establish a term of post release control until February of 2006, over one year after the release of Curtis from his mandatory prison term. As a result, the trial court no longer possessed jurisdiction to re-sentence Curtis in order to impose the erroneously omitted period of mandatory post release control. Therefore, Curtis cannot now be found in violation of post release control on the original judgment.
 {¶ 13} Accordingly, Curtis' sole assignment of error is sustained and the August 1, 2006 Judgment of conviction and sentencing entered in the Court of Common Pleas of Allen County, Ohio is reversed and vacated as to the three year prison term that the trial court imposed regarding the violation of post-release control. The remainder of the August 1, 2006 Judgment of conviction and sentencing is affirmed. The matter is remanded to the trial court for re-sentencing in accordance with this opinion.
Judgment reversed in part, affirmed in part.
 ROGERS, P.J., and PRESTON, J., concur. *Page 1