{¶ 1} Defendant-Appellant Charles Jason Bright ("Bright") appeals the October 15, 2007 Ruling of the Court of Common Pleas, Marion County, Ohio, overruling his motion to withdraw his guilty plea.
 {¶ 2} Bright's convictions stem from a bank robbery that occurred in 2004. On direct appeal, this Court has affirmed Bright's convictions and described the facts of the case as follows:
 On March 10, 2004, Bright entered the Fahey Bank, brandished a knife at the tellers, and ordered them to put the cash into the sack he had brought. Bright threatened to stab the tellers with the knife if they did not give him the money or activated the alarm. Bright grabbed one of the teller's left wrist and threatened to kill her. He also stuck the knife against the stomach of another teller and cut a hole in her sweater. Bright then left the bank with $8, 826.00. In an attempt to dispose of evidence, Bright took off the clothes he wore during the robbery and left them beside nearby railroad tracks. The police were notified and an investigation was conducted. On March 12, 2004, the police questioned Bright at the police station. Bright was arrested and subsequently confessed to the robbery.
 On March 25, 2004, the grand jury indicted Bright on one count of aggravated robbery, one count of robbery, two counts of kidnapping, and one count of tampering with evidence. Bright entered a not guilty plea on March 26, 2004. On September 23, 2004, a plea agreement was reached by the terms of which the State would dismiss the robbery charge and Bright would plead guilty to the remaining charges. The trial court accepted the guilty plea. On October 27, 2004, Bright was sentenced to nine years in prison for the aggravated robbery conviction, to six years in prison for each of the kidnapping convictions, and to five years in prison for the tampering with evidence conviction. *Page 3 The trial court then ordered that the third, fourth, and fifth counts would be served concurrent with each other, but consecutive to the first count resulting in a total sentence of 15 years in prison.
State v. Bright, 3rd Dist. No. 9-04-61, 2005-Ohio-2247.
 {¶ 3} On September 20, 2007 Bright filed a Motion to Withdraw Plea Pursuant to Ohio Criminal R. 32.1. The State of Ohio responded on September 18, 2007.
 {¶ 4} On October 15, 2007 the trial court denied Bright's motion.
 {¶ 5} Bright now appeals asserting a single assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT'S DENIAL OF APPELLANT'S CRIM. R. 32.1 MOTION PREJUDICED APPELLANT IN VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 {¶ 6} Bright asserts in his sole assignment of error that the trial court erred in overruling his motion to withdraw his guilty plea pursuant to Crim.R. 32.1.
 {¶ 7} Crim.R. 32.1 states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea. *Page 4 
 {¶ 8} Crim.R. 32.1 permits a defendant to file a motion to withdraw a guilty plea prior to sentencing. The general rule is that motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality. State v. Ramsey, 3rd Dist. No. 1-06-01,2006-Ohio-2795, at ¶ 5, citing State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715, at ¶ 1 of the syllabus. An appellate court should consider several factors when reviewing a trial court's decision to grant or deny a defendant's pre-sentence motion to withdraw a guilty plea including:
 (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.
State v. Griffin (2001), 141 Ohio App.3d 551, 752 N.E.2d 310,2001-Ohio-3203.
 {¶ 9} However, the right to withdraw a plea is not absolute. State v.Xie, 62 Ohio St.3d 521, at ¶ 1 of the syllabus. Motions to withdraw guilty pleas after sentencing may only be set aside to correct manifest injustice. Manifest injustice has been defined as an extraordinary flaw in the plea proceedings. State v. Smith (1977), 49 Ohio St.2d 261, 264,361 N.E.2d 1324. This Court has also held that a manifest injustice is a "clear or openly unjust act." State v. Walling, Shelby App. No. 17-04-12,2005-Ohio-428, at ¶ 6. *Page 5 
 {¶ 10} The decision of whether a manifest injustice occurred rests with the sound discretion of the trial court. Smith, 49 Ohio St.2d at paragraph two of the syllabus. Therefore, "this court will not reverse a trial court's denial of a motion to withdraw a plea of guilty absent an abuse of discretion on the part of the trial court." State v.Nathan (3rd Dist.1995), 99 Ohio App.3d 722, 725, 651 N.E.2d 1044. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} In ruling on Bright's motion the trial court held that Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw a guilty plea subsequent to an appeal and an affirmance by the appellate court. See State v. Herbert, 3rd Dist. No. 16-06-12, 2007-Ohio-4496. The Ohio Supreme Court has addressed the trial court's lack of jurisdiction over a Crim. R. 32.1 motion after a conviction has been affirmed on direct appeal, holding:
 While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. Thus, we find a total and complete want of jurisdiction by the trial court to grant the motion to withdraw appellee's plea of guilty and to proceed with a new trial. *Page 6 
State ex rel. Special Prosecutors v. Judges, Court of Common Pleas
(1978), 55 Ohio St.2d 94, 97, 378 N.E.2d 162.
 {¶ 12} Although we find that the trial court correctly assessed its own lack of jurisdiction over Bright's motion, in the interest of justice, we briefly address the merits of his motion. Bright argues that he should be allowed to withdraw his guilty plea because he believed he would only be sentenced to seven years in prison when he entered his plea.
 {¶ 13} We find this argument unpersuasive. First, when Bright entered his guilty plea, he signed a waiver indicating the maximum sentence for each offense including: ten years for aggravated robbery, eight years for each kidnapping charge and five years for the charge of tampering with the evidence. Moreover, we note that the filing of Bright's motion comes almost three years after the imposition of his sentence.
 {¶ 14} In sum, there is no indication in the record before this Court that Bright has set forth any grounds upon which the trial court should grant leave to withdraw the plea in any event. Nor does the record establish anything which would constitute a manifest injustice. Therefore, even assuming the trial court had jurisdiction to consider the Crim.R. 32.1 motion, there is nothing in the record to indicate the trial court abused its discretion in failing to grant the motion in this *Page 7 
case. Accordingly, the trial court did not err in overruling Bright's motion to withdraw his guilty plea. Therefore, Bright's sole assignment of error is overruled.
 {¶ 15} Based on the foregoing, the October 15, 2007 ruling of the Court of Common Pleas, Marion County, Ohio is affirmed.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, J.J., concur. *Page 1