OPINION *Page 2 
{¶ 1} The defendant-appellant, Carlton L. Thomas, appeals the judgment of the Allen County Common Pleas Court denying his motion to withdraw guilty plea. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On November 23, 2007 at approximately 6:12 a.m., Thomas was operating a motor vehicle on State Route 117 in Allen County, Ohio. The roads were covered by a slight amount of snow, and Thomas lost control of his vehicle on an overpass, colliding head-on with the vehicle of another motorist. A state trooper, who had been called to the scene of the collision, detected the odor of alcohol emanating from either Thomas or his vehicle. Thomas admitted that he had consumed three beers around 2:00 a.m. and consented to a blood test. The results of the test indicated that Thomas' blood contained .18 grams of alcohol, which exceeded the legal limit of .17 grams of alcohol in the blood.
 {¶ 3} On January 17, 2008, the Allen County Grand Jury indicted Thomas on one count of aggravated vehicular assault, a violation of R.C. 2903.08(A)(1), a third-degree felony. On January 25, 2008, Thomas filed a written plea of not guilty, which was also signed by his court-appointed attorney. On that same date, counsel filed a request for discovery. On February 1, 2008, the state of Ohio filed its response to Thomas' discovery demand, which included in part, a copy of the Ohio State Highway Patrol's accident report, a copy of the Ohio State Highway *Page 3 
Patrol's impaired driver report, and a copy of the blood test results. The impaired driver report evidenced that all six indicators were present on the horizontal gaze nystagmus, and that vertical gaze nystagmus was present as well.
 {¶ 4} On February 12, 2008, Athena Nyers filed a notice of substitution of counsel, stating that Thomas had retained her to represent him. On April 9, 2008, Thomas appeared in court with Nyers, withdrew his previously tendered plea of not guilty, and pled guilty both orally and in writing. The trial court journalized its acceptance of Thomas' guilty plea and scheduled sentencing for June 2, 2008.
 {¶ 5} On April 17, 2008, Nyers filed a motion to withdraw as Thomas' attorney stating that Thomas had informed her he had other representation. On May 5, 2008, William Kluge entered his appearance. On May 13, 2008, Kluge filed a motion to withdraw guilty plea, with Thomas' affidavit attached thereto, and a motion to dismiss/suppress blood test. Following a hearing on the motion to withdraw guilty plea, the court filed its judgment entry overruling the motion. On June 24, 2008, the court sentenced Thomas to a mandatory prison term of three years and ordered restitution to be paid to the victim. Thomas appeals the judgment of the trial court, raising one assignment of error for our review.
 Assignment of Error The trial court abused its discretion by denying the pre-sentence motion to withdraw the guilty plea. *Page 4 
 {¶ 6} Crim. R. 32.1 provides, "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A motion to withdraw guilty plea filed prior to sentencing should be "`"freely allowed and treated with liberality[.]"'" State v. Xie (1992),62 Ohio St.3d 521, 526, 584 N.E.2d 715, quoting State v. Peterseim
(1980), 68 Ohio App.2d 211, 213-214, 428 N.E.2d 863, quoting Barker v.United States (C.A.10, 1978), 579 F.2d 1219, 1223 (citations omitted). However, a defendant who pleads guilty has no right to withdraw the plea, and the trial court's decision to grant or deny the motion will not be disturbed absent an abuse of discretion. See Xie, at 526, quotingPeterseim, at 213-214, quoting Barker, at 1223 (citations omitted). An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144 (citations omitted).
 {¶ 7} Appellate courts have several factors to consider when reviewing a trial court's decision to grant or deny a pre-sentence motion to withdraw guilty plea. The factors to be considered include:
 (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the *Page 5 extent of the Crim. R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.
State v. Bright, 3d Dist. No. 9-07-51, 2008-Ohio-1341, quoting State v.Griffin, 141 Ohio App.3d 551, 2001-Ohio-3203, 752 N.E.2d 310.
 {¶ 8} Thomas' motion to withdraw guilty plea was essentially premised on his trial counsel's alleged ineffective representation. In his motion, Thomas argued that he met with Nyers only two days prior to his change of plea hearing; that Nyers did not discuss strategy; and that Nyers did not discuss the potential to file a suppression motion. In his affidavit, Thomas also alleged he did not know that a prison sentence was mandatory until he entered the courtroom on April 9, 2008, and that he felt obligated to enter a guilty plea since he was in court to do so.
 {¶ 9} To prove a claim of ineffective assistance of counsel, Thomas must satisfy the test set forth in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See Xie, at 524. "TheStrickland test was applied to guilty pleas in Hill v. Lockhart (1985),474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203." Id. Strickland requires a defendant to show that "(1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the *Page 6 
deficient performance prejudiced the defense." State v. Price, 3d Dist. No. 13-05-03, 2006-Ohio-4192, at ¶ 6, citing State v. Kole,92 Ohio St.3d 303, 306, 2001-Ohio-191, 750 N.E.2d 148, quoting Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 10} To prove that an attorney's conduct was deficient or unreasonable, the defendant "must overcome the presumption that the attorney provided competent representation, and show that the attorney's actions were not trial strategies prompted by `reasonable professional judgment.'" State v. Scott-Hoover, 3d Dist. No. 3-03-20, 2004-Ohio-97, at ¶ 7, quoting Strickland, at 687. Ohio attorneys enjoy a strong presumption of competence, and "tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance." Id., citing State v. Sallie, 81 Ohio St.3d 673, 675,1998-Ohio-343, 693 N.E.2d 267; State v. Carter (1995),72 Ohio St.3d 545, 558, 651 N.E.2d 965. "Instead, the errors complained of must amount to a substantial violation of defense counsel's essential duties to his client." Id., citing State v. Bradley (1989), 42 Ohio St.3d 136, 141,538 N.E.2d 373, quoting State v. Lytle (1976), 48 Ohio St.2d 391, 396,358 N.E.2d 623.
 {¶ 11} In proving he was prejudiced by counsel's actions, Thomas must demonstrate that "there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different." Id. at ¶ 6, *Page 7 
citing Strickland, at 694. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." State v. Loza (1994), 71 Ohio St.3d 61,83, 641 N.E .2d 1082, citing Strickland, at 697.
 {¶ 12} At the hearing on Thomas' motion to withdraw guilty plea, he was given the opportunity to present evidence; however, he relied on his previously filed affidavit and counsel's argument to the court. Thomas' main argument was that he was unaware of discovery and its potential uses, specifically in regard to the results of the blood test. However, as pointed out by the state at hearing and by the trial court in its judgment entry, Thomas had several prior O.V.I. convictions, among others, with the first occurring in 1987. As a 20-year veteran of the criminal justice system, Thomas cannot plead complete ignorance to the law in an attempt to avoid the ramifications of his guilty plea.
 {¶ 13} Second, while it appears Nyers had minimal contact with Thomas, he has produced no evidence showing that her decision not to file a suppression motion was anything other than sound trial strategy.
 A trial strategy may include a motion to suppress evidence. However, failure to file a motion to suppress is not per se ineffective assistance of counsel. State v. Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, certiorari denied (2000), 531 U.S. 838, 121 S.Ct. 99, 148 L.Ed.2d 58. See also, Kimmelman v. Morrison (1986), 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305. Even when some evidence in the record supports a motion to suppress, counsel is presumed to be effective if the counsel could have reasonably concluded that the filing of a motion to suppress would have been a futile act. State v. Chandler, *Page 8 Cuyahoga App. No. 81817, 2003-Ohio-6037; State v. Edwards (July 11, 1996), Cuyahoga App. No. 69077, citing State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. See also, Strickland, 466 U.S. at 689. In such a case, where probability of success is slim, appellant fails to establish prejudice. State v. Nields, 93 Ohio St.3d 6, 2001-Ohio-1291, [752] N.E.2d 859. Essentially, counsel's failure to file a motion to suppress only constitutes ineffective assistance if, based on the record, the motion would have been granted. State v. Robinson (1996), 108 Ohio App.3d 428, 433, 670 N.E.2d 1077.
State v. Altman, 5th Dist. No. 06 CA 117, 2007-Ohio-6761, at ¶ 20. In this case, there is no evidence in the record that a motion to suppress would have been granted. Instead, the motion to dismiss/suppress, filed on the same date as Thomas' motion to withdraw guilty plea, raised every conceivable defect that could occur in conducting a blood test and was nothing more than a last-ditch effort to find some basis for objection. The Twelfth Appellate District has stated that when a "motion to suppress raises general claims and specific claims are raised during the suppression hearing, the state is not on notice of the specific claims and is deprived of the opportunity to present evidence on them. * * * A defendant then may unjustly cite the state's inability to respond to those specific claims as a basis for granting the motion to suppress." State v. Plunkett, 12th
Dist. No. 2007-01-012, 2008-Ohio-1014, at ¶ 21. The court recounted one case in which a similar motion was filed to challenge field sobriety tests that were never performed. Id. at ¶ 14. The same type of "boilerplate" motion to suppress was *Page 9 
filed in this case, and as such, there is no indication on this record that a motion to suppress would have been granted.
 {¶ 14} The trial court reached similar conclusions in finding that Nyers' representation of Thomas was not ineffective. Furthermore, we have reviewed the transcript of the change of plea hearing conducted on April 9, 2008. The trial court engaged in a lengthy plea colloquy with the defendant. Thomas indicated his understanding that a prison term was mandatory. The court asked him about that issue several times throughout the proceedings. Thomas was notified several times on the written guilty plea form that a prison sentence was mandatory. Thomas verbally agreed that he understood that statement, and he also signed the written plea agreement. Thomas displayed some confusion as to why he was being charged with a third-degree felony as a first-time felony offender. After the trial court explained the severity of first-degree versus fifth-degree felony offenses, the court explained that the General Assembly had made aggravated vehicular assault a third-degree felony. Thomas indicated his understanding of that explanation. Finally, when asked if he wanted to proceed with his guilty plea, Thomas responded, "I guess I don't have a choice." However, the court explained again that Thomas had the right to a jury trial, and that nobody would be upset or angry with him if he chose not to plead guilty. The court gave *Page 10 
Thomas time to confer with counsel and to review the written plea form, which Thomas signed.
 {¶ 15} Considering the factors stated in State v. Bright, 3d Dist. No. 9-07-51, 2008-Ohio-1341, we cannot find that the trial court abused its discretion. The trial court considered the same factors, Thomas' claim for ineffective assistance of counsel, and the transcript from the change of plea hearing. The court determined that its consideration of those factors led to a denial of Thomas' motion to withdraw guilty plea. Having found no abuse of discretion, the sole assignment of error is overruled.
 {¶ 16} The judgment of the Allen County Common Pleas Court is affirmed.
Judgment Affirmed.
 PRESTON and ROGERS, J.J., concur. *Page 1