OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Curtis Streeter, appeals from the judgment of the Allen County Court of Common Pleas denying his post-sentence motion for withdrawal of guilty plea. On appeal, Streeter argues that the trial court erred in refusing to grant a hearing on his pre-sentence motion to withdraw his guilty plea; that the trial court acted unreasonably in denying his pre-sentence motion to withdraw his guilty plea; that the trial court erred in denying his post-sentence motion for withdrawal of guilty plea; and, that trial counsel was ineffective. Finding that the trial court lacked jurisdiction to decide Streeter's post-sentence motion to withdraw his guilty plea; that no manifest injustice existed warranting a post-sentence withdrawal of his guilty plea; and, that Streeter's claims relating to ineffective assistance of counsel and his pre-sentence motion for withdrawal of his guilty plea are barred by res judicata, we affirm the judgment of the trial court.
 {¶ 3} In September 2005, Streeter was indicted on one count of illegally conveying marijuana onto the grounds of a detention facility in violation of R.C. 2921.36(A)(2), (G)(2), a felony of the third degree. The indictment arose from an incident whereby Streeter and an inmate at the Lima Correctional Institution *Page 3 
organized a plot to smuggle marijuana into the prison. At the subsequent arraignment, Streeter pled not guilty to the indictment.
 {¶ 4} On May 8, 2006, the case proceeded to jury trial. Before the conclusion of trial, however, Streeter decided to withdraw his not guilty plea and enter a plea of guilty to the indictment. Subsequently, the trial court held a change of plea hearing, at which the trial court conducted a Crim. R. 11(C) colloquy with Streeter and also had the following discussion with Streeter, Streeter's trial counsel, and the State:
 State: It's my understanding at this time the defendant wishes to withdraw his previous tendered plea of not guilty, tender a plea of guilty to the charge as indicted, which is a felony three charge of illegal conveyance of drug of abuse on the grounds of a detention facility. Pursuant to negotiations here this morning between our office and Mr. Doute, counsel for the defendant, the State has agreed that it would make no specific sentence recommendation but does reserve the right to be heard at sentencing.
 * * *
 Trial Court: You satisfied that your client has a full understanding of this agreement?
 Trial Counsel: Yes, I am, sir.
 * * *
 Trial Court: Now, first of all, you [Mr. Streeter] heard the prosecutor relate the terms of the agreement. Are those terms satisfactory to you and this is what you want to do?
 Streeter: Yes, this is what I want to do. *Page 4 
 * * *
 Trial Court: Is there anything, other than the agreement itself, that has persuaded you to do this? Has anybody made any threats to you, any promises that have not been revealed in court?
 Streeter: No.
 Trial Court: The entire-You've reviewed this plea document with your attorney, correct?
 Streeter: Yes, your Honor.
 Trial Court: He answered all questions you had concerning it?
 Streeter: Yes.
 Trial Court: You satisfied you fully understand it?
 Streeter: Yes. I understand.
 * * *
 Trial Court: If you plead-If the Court accepts your plea of guilty, the sentence can be a specific number of years between one and five * * *. Do you understand that?
 Streeter: Yes, your Honor.
 * * *
 Trial Court: Now, as the State said, part of the plea agreement is that at sentencing you don't have any agreement as to what they're going to recommend. They are saying they won't recommend. But they're going to make an argument to the Court with regard to sentencing. They may ask for a certain sentence but its not going to be a recommendation. Their comments may reflect on the severity, their view of the severity. Do you understand that? *Page 5 
 Streeter: Yea.
 * * *
 Trial Court: I've reviewed the plea agreement itself. I think we've adequately discussed the matter with the Defendant on the record and the Court accepts this plea as your voluntary-free and voluntary change of plea as you've outlined in this document and the Court approves the plea.
(May 2006 Change of Plea Hearing Tr., pp. 251-270).
 {¶ 5} In July 2006, the trial court held a sentencing hearing at which Streeter made an oral motion to withdraw his guilty plea. The following discussion then took place between Streeter and the trial court:
 Streeter: Your Honor, initially I came here today to ask you can I withdraw my guilty plea due to the fact that I did stop the trial and cop out, but like the prosecutor stated in my PSI, I said I didn't do it because I didn't send no packages to the prison. No marijuana, no nothing. * * * The whole thing was confusing to me and I just felt like I didn't have no other alternative but to take a plea. * * * And when I came out here in the holding cell my attorney told me that there was a deal * * * that the prosecutor wanted me to testify against my co-defendant and I will only get two years and you wouldn't impose no PRC time on me. We was only given a short time to talk about it and when we came out here my attorney was still trying to convince me that that was the best thing for me to do, the prosecutor said no deal. * * * But I just ask — I wanted to ask you is that — was that deal true or not?
 Trial Court: I can only respond by indicating to you that the Court is not and would not be a party to any agreement with regard to sentencing. That kind of undertaking would be between the prosecutor and the defense counsel.
 * * * *Page 6 
 Trial Court: I want to make one thing clear. You started by saying you had at one time the thought of withdrawing your plea. You are not asking to withdraw your plea, is that correct?
 * * *
 Streeter: Well, I do want to withdraw my plea because for the simple fact is I did not send that package. I didn't — I wasn't the one who sent it.
 * * *
 Trial Court: Mr. Streeter, what do you know today, this morning, that you did not know when you entered your plea of guilty?
 Streeter: Well, your Honor, when I entered my plea of guilty I felt — I felt like I was coerced and pressured into taking that plea. * * * I was back there reading over these papers and it said — it said that my plea of guilty was free and voluntary and was not induced by threat or promise. But that's not — that's not true. * * * I came * * * to finish the trial but I was — you could say I was persuaded or whatever to take a plea because I believed my attorney was going to lose. * * *
 Trial Court: Well, do you remember you came into court after you signed that [plea agreement], I asked you, is this voluntary?
 * * * Is there any pressure brought to you to do this and do you remember assuring — you assuring me here in court that, yes, this is what I wanted to do?
 * * *
 Streeter: No, because what I remember is when you was reading this paper over to me and I told you that I'm not that clear I remember feeling dizzy and all of that. * * * And I don't know — it's probably because of all the pressure I was under * * *. *Page 7 
 Trial Court: Do you remember my advising you of all the rights that you were giving up? * * *
 Streeter: * * * I can't say for sure that I can remember that. I can't say I was in my right mind, your Honor.
 Trial Court: The document that you signed that day specifically says there was no agreement as to sentencing, correct? * * *
 Streeter: Yes. That's what it say * * *.
 * * *
 Trial Court: * * * What had happened, what do you know now because something new has happened since May 6th when you entered the plea of guilty?
 Streeter: The only thing — the only thing new, which is not really actually new, is that I just been sitting in my cell and I just can't bring myself to pleading guilty to something I didn't do.
 Trial Court: * * * I'm satisfied [the plea of guilty] was done voluntarily by this defendant at that time. I'm satisfied that it was done by this defendant based upon the record with full knowledge and understanding of all the proceedings of taking the plea with a full understanding of all the rights that he was advised of, that he was giving up by entering a plea. * * * I conclude that as the defendant has just advised the Court that he's been sitting in his cell thinking about this that, at best, he had nothing to offer the Court in terms of what was not before the Court or before him at the time he entered into his plea and at best it is a change of mind * * *. So I'm denying the motion to withdraw his guilty plea in this case at this time.
(July 2006 Sentencing Hearing Tr., pp. 26-46). Subsequently the trial court sentenced Streeter to a four-year prison term on the third degree felony count, and *Page 8 
imposed a consecutive three-year prison term for committing the felony while on post-release control from a prior conviction.
 {¶ 6} In June 2007, this Court reversed a portion of Streeter's sentence and remanded to the trial court for resentencing in State v.Streeter, 3d Dist. No. 1-06-75, 2007-Ohio-2999. There, this Court found that the trial court erred in imposing the additional three-year prison term for Streeter's commission of a felony while on post-release control because the judgment entry from the earlier conviction had not included a notice of post-release control; the judgment entry was not amended to include the term of post-release control until after Streeter was released from prison; and, the trial court had no jurisdiction to amend the judgment entry to include post-release control once Streeter had been released from prison. This Court affirmed the remainder of the conviction and sentence.
 {¶ 7} In July 2007, pursuant to the remand from this Court, the trial court held a resentencing hearing, in which it imposed a four-year prison term on the third degree felony count only.
 {¶ 8} In July 2008, Streeter filed a pro se post-sentence motion to withdraw his guilty plea, arguing that his guilty plea was involuntary and that a manifest injustice existed because the guilty plea was induced by the State's offer of a plea deal which was later revoked; because he was coerced by defense counsel to plead guilty; and, because he is actually innocent of the crime. *Page 9 
Subsequently, the trial court overruled the motion, finding that Streeter had rejected all previously tendered plea bargains and decided instead to go to trial, then later elected to plead guilty after all plea deals were rescinded; that his trial counsel was not ineffective; and, that Streeter had filed a motion for judicial release in which he admitted to committing the offense.
 {¶ 9} It is from the trial court's denial of his post-sentence motion to withdraw his guilty plea that Streeter appeals, presenting the following pro se assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ABUSED ITS DISCRETION WHEN FAILING TO ENTERTAIN AN ORAL MOTION IN OPEN COURT BEFORE SENTENCING JULY 24, 2006 TO WITHDRAW GUILTY PLEA.
 Assignment of Error No. II THE TRIAL COURT ACTED UNREASONABLY IN DENYING THE MOTION WHERE THERE WAS NO ALLEGATION THAT THE STATE'S CASE WOULD BE PREJUDICED UPON WITHDRAWAL OF THE PLEA.
 Assignment of Error No. III THE COURT COMMITTED A MANIFEST INJUSTICE BY FAILING TO WITHDRAW THE GUILTY PLEA.
 Assignment of Error No. IV TRIAL COUNSEL WAS INEFFECTIVE WHEN IT [SIC] ALLOWED APPELLANT TO ENTER A GUILTY PLEA INDUCED BY PROMISES OR THREATS WHICH *Page 10 DEPRIVED IT OF THE CHARACTER OF A VOLUNTARY ACT.
 {¶ 10} Due to the nature of Streeter's assignments of error, we elect to address assignment of error three first, and to address assignments of error one, two, and four together.
 Assignment of Error No. III {¶ 11} In his third assignment of error, Streeter argues that the trial court committed a manifest injustice by failing to sustain his post-sentence motion to withdraw his guilty plea. Specifically, Streeter asserts that he should be permitted to withdraw his guilty plea even after a sentence has been imposed because he is innocent; because he was coerced by his trial counsel to enter the plea; and, because the State refused to comply with an agreed plea deal. We disagree.
 {¶ 12} Appellate review of the trial court's denial of a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. State v. Nathan (1995), 99 Ohio App.3d 722, 725, citingState v. Smith (1977), 49 Ohio St.2d 261. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably.State v. Nagle, 11th Dist. No. 99-L-089, 2000 WL 777835, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id. *Page 11 
 {¶ 13} Crim. R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." State v. Mata, 3d Dist. No. 1-04-54, 2004-Ohio-6669, ¶ 6. The party moving to withdraw the plea of guilty bears the burden of establishing a manifest injustice. Smith, 49 Ohio St.2d at paragraph one of the syllabus. A manifest injustice is an exceptional defect in the plea proceedings, State v. Vogelsong, 3d Dist. No. 5-06-60,2007-Ohio-4935, ¶ 12, or a "clear or openly unjust act." State v.Walling, 3d Dist. No. 17-04-12, 2005-Ohio-428, ¶ 6, quoting State exrel. Schneider v. Kriener, 83 Ohio St.3d 203, 208, 1998-Ohio-271. Accordingly, a post-sentence motion to withdraw a guilty plea is only granted in "extraordinary cases." Smith, 49 Ohio St.2d at 264.
 {¶ 14} However, a trial court has no jurisdiction to consider a Crim. R. 32.1 motion to withdraw a guilty plea after the judgment of conviction has been affirmed by an appellate court. State ex rel.Special Prosecutors v. Judges, Court of Common Pleas (1978),55 Ohio St.2d 94, 97-98; State v. Bright, 3d Dist. No. 9-07-51, 2008-Ohio-1341, ¶ 11;State v. Kovacek, 9th Dist. No 02CA008115, 2002-Ohio-7003, ¶¶ 7-8. In State ex rel. Special Prosecutors, the Supreme Court stated as follows:
 Crim. R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea *Page 12 subsequent to an appeal and an affirmance by the appellate court. While Crim. R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.
State ex rel. Special Prosecutors, 55 Ohio St.2d at 97-98.
 {¶ 15} Here, because this Court affirmed Streeter's conviction on direct appeal, we find that the trial court lacked jurisdiction to consider his post-sentence motion to withdraw his guilty plea. However, even if the trial court had jurisdiction, we would nonetheless affirm on the merits.
 {¶ 16} In his brief, Streeter asserts that a manifest injustice exists to permit him to withdraw his guilty plea because he is actually innocent of the crime; because he was coerced by his trial counsel to enter the plea; and, because the State refused to comply with an agreed plea deal.
 {¶ 17} When the trial court accepted Streeter's guilty plea, it conducted a full Crim. R. 11(C) colloquy, finding that the plea was being entered freely and voluntarily. Streeter clearly stated at the change of plea hearing that pleading guilty was "what [he] want[ed] to do" (May 2006 change of plea hearing tr., p. 253), and that no other parties coerced him to take the plea. Furthermore, it is clear from the record that, as part of the plea agreement, the State was not going to recommend a specific sentence. Finally, Streeter's claim of innocence does not *Page 13 
permit him to withdraw his guilty plea. "A defendant's claims of innocence are not sufficient to warrant withdrawal of a plea knowingly entered." State v. Powers, 4th Dist. No. 03CA21, 2004-Ohio-2720, ¶ 18. Moreover, Streeter does not reference any evidence which would corroborate his innocence assertion.
 {¶ 18} Because the trial court did not have jurisdiction to decide Streeter's post-sentence motion to withdraw his guilty plea, and because no evidence exists to establish that his guilty plea was anything but knowingly and voluntarily entered, or that a manifest injustice exists, we find that the trial court did not abuse its discretion in overruling Streeter's post-sentence motion to withdraw his guilty plea.
 {¶ 19} Accordingly, Streeter's third assignment of error is overruled.
 Assignments of Error Nos. I, II, and IV {¶ 20} In his first, second, and fourth assignments of error, Streeter contends that the trial court abused its discretion when it did not afford him a full hearing on his pre-sentence motion to withdraw his guilty plea and when it denied his motion to withdraw his guilty plea; that the trial court acted unreasonably in denying his motion to withdraw his guilty plea where there were no allegations that such a withdrawal would prejudice the State; and, that trial counsel was ineffective for brokering a plea agreement that would eliminate an additional *Page 14 
prison sentence for a post-release control violation where the trial court was without authority to order this additional prison sentence.
 {¶ 21} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, syllabus. Res judicata operates to prohibit a defendant from raising issues in another proceeding when those issues were raised or could have been raised on direct appeal of the trial court's judgment. State v.Deal, 3d Dist. No. 5-08-15, 2008-Ohio-5408, ¶ 8, citing State v.Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 22} As we previously noted, Streeter directly appealed the trial court's July 2006 judgment to this Court in July 2007, raising the issue of the trial court's imposition of an additional three-year prison term for his commission of a felony while on post-release control. In that appeal, Streeter failed to raise any of these issues relating to the trial court's denial of his pre-sentence motion to withdraw his guilty plea or to trial counsel's ineffectiveness. Because Streeter had the prior *Page 15 
opportunity to raise these matters on direct appeal and failed to do so, they are now barred by res judicata.
 {¶ 23} Accordingly, Streeter's first, second, and fourth assignments of error are overruled.
 {¶ 24} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 PRESTON, P.J. and WILLAMOWSKI, J., concur. *Page 1