OPINION *Page 2 
{¶ 1} Defendant-Appellant Joseph Juska ("Juska") appeals from the October 15, 2008 Judgment Entry of the Court of Common Pleas of Defiance County, Ohio sentencing him to twelve months in jail for two counts of Violating a Protection Order, in violation of R.C. 2919.27, misdemeanors of the first degree.
 {¶ 2} On September 11, 2007 Juska was indicted on three counts of Violating a Protection Order, in violation of R.C. 2919.27, felonies of the fifth degree. Juska was arraigned and pled not guilty to all the charges on September 25, 2007.
 {¶ 3} As part of a plea agreement, the State subsequently amended the first two counts of the indictment to misdemeanors of the first degree. After amendment, Juska pled no contest, with a stipulation of guilt, to the first two counts of the indictment.[1]
 {¶ 4} On September 15, 2008 Juska filed a motion to withdraw his pleas. The trial court overruled Juska's motion to withdraw his pleas and proceeded to sentencing on September 16, 2008. Juska was sentenced to six months in jail for each count of Violating a Protection Order with the sentences to run consecutively for a total term of twelve months.
 {¶ 5} Juska now appeals, asserting two assignments of error. *Page 3 
 ASSIGNMENT OF ERROR I THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO EITHER REQUIRE THE PROSECUTOR TO FULFILL THE PLEA AGREEMENT OR ALLOW THE DEFENDANT TO WITHDRAW HIS PLEAS, DENYING THE DEFENDANT DUE PROCESS.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ALLOW THE DEFENDANT TO WITHDRAW HIS PLEAS OF NO CONTEST ON AN OHIO CRIMINAL RULE 32.1 MOTION.
 {¶ 6} In his first assignment of error, Juska argues that the trial court erred by sentencing him to terms that he believes were inconsistent with the plea agreement. Juska also argues that the trial court erred in not allowing him to withdraw his no contest pleas, however, that argument will be reserved and addressed in Juska's next assignment of error.
 {¶ 7} A trial court has broad discretion in sentencing a defendant.State v. Foster, 109 Ohio St.3d 1, 30, 845 N.E.2d 470, 2006-Ohio-856. Therefore, absent an abuse of discretion, a trial court's sentence will not be reversed on appeal. An "abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 8} Moreover, "[f]inal judgment on acceptance of a plea agreement and sentencing rests with the discretion of the trial court, and therefore, the terms of a *Page 4 
negotiated plea agreement do not restrict a court's discretion in sentencing." State v. Barker, 3rd Dist. No. 14-06-46,2007-Ohio-1915.
 While a trial court should not completely disregard the sentence recommended by the prosecutor, it does not err by imposing a sentence greater that [sic] that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.
State v. Pettiford, 12th Dist. No. 2001-08-014, 2002-Ohio-1914.
 {¶ 9} In the present case, a change of plea hearing was held on July 22, 2008. At that hearing the State indicated as follows:
 [T]he State has indicated its intention and willingness to recommend six month consecutive jail terms for an aggregate term of one year. However, because the defendant has indicated an intention to relocate out of state and to someplace in excess of four hundred miles away, the State is willing to recommend that that time be suspended if, in fact, he does do that ***
 And also in the event that he chooses not to relocate, then we're free to make whatever recommendation we would deem appropriate at that time.
(Tr.p. 2-3).
 {¶ 10} After the State gave its recommendation, Juska entered no contest pleas and stated that he would stipulate to the facts of the case as presented by the State. The trial court then entered into a discussion with Juska to assure that he understood the rights he was giving up. *Page 5 
 The Court: And you understand, first of all, that any recommendation made by the State is not binding upon the Court?
 Mr. Kiacz: I told you that. There ¶ it is not binding on the Court. The Court will consider it but it is not binding. You understand that?
 The Defendant: All right. All right. Yes, Your Honor.
 The Court: You understand that?
 The Defendant: Yes, Your Honor.
 ***
 The Court: You understand that I could impose a period of twelve months in jail?
 The Defendant: Um, you know, you say that you could but that's not the recommendation though, right?
 The Court: That's not the recommendation but the recommendation is not binding up the court. Do you understand that?
 The Defendant: Yes, Your Honor.
(Tr.p. 8-9).
 {¶ 11} The court then took a brief recess so that Juska could speak with his attorney. After the recess, the trial court then continued its discussion with Juska, asking him "[d]o you understand that I have the authority to impose a period of jail time and/or a sanction taking into account the recommendation of the State of Ohio?" Juska answered that he did understand that he could receive jail time of up *Page 6 
to twelve months. The trial court further engaged in a full discussion with Juska concerning the rights he was giving up by pleading guilty, in compliance with Crim. R. 11. The trial court then accepted Juska's pleas of no contest and found him guilty. The matter was continued for sentencing pending a pre-sentence investigation.
 {¶ 12} Looking at the recommendations made by the State as well as the discussions between Juska and the trial court, we cannot find that the trial court erred in sentencing Juska to twelve months in jail. The trial court was very clear in its discussion with Juska, who has a college education, that it was not bound by the recommendations of the State. Moreover, Juska took time during that conversation to consult with his attorney. As the recommendations of the State were not binding on the Court, we cannot find that the trial court erred in rendering a sentence within its discretion. Accordingly, Juska's first assignment of error is overruled.
 {¶ 13} In his second assignment of error, Juska argues that the trial court erred by not allowing him to withdraw his no contest pleas. Motions to withdraw pleas are governed by Crim. R. 32.1, which provides as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea. *Page 7 
 {¶ 14} Crim. R. 32.1 permits a defendant to file a motion to withdraw a guilty plea prior to sentencing. The general rule is that motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality. State v. Ramsey, 3rd Dist. No. 1-06-01,2006-Ohio-2795, at ¶ 5, citing State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715, at ¶ 1 of the syllabus. However, a defendant who pleads guilty has no right to withdraw the plea, and the trial court's decision to grant or deny the motion will not be disturbed absent an abuse of discretion. See Xie, 62 Ohio St.3d at 526, quoting State v.Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, at 213-214. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 15} An appellate court should consider several factors when reviewing a trial court's decision to grant or deny a defendant's pre-sentence motion to withdraw a plea including:
 (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim. R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *Page 8 
State v. Bright, 3d Dist. No. 9-07-51, 2008-Ohio-1341, quoting State v.Griffin (2001), 141 Ohio App.3d 551, 752 N.E.2d 310.
 {¶ 16} As detailed in the first assignment of error, the trial court engaged in a significant discussion with Juska prior to accepting his no contest pleas to assure that Juska understood the potential sentence in this case. Further, the trial court clearly articulated to Juska that the State's recommendation of a suspended sentence was not binding and Juska indicated that he understood this.
 {¶ 17} During the September 16, 2008 hearing, Juska's motion was addressed and the trial court also proceeded to sentencing. During the hearing on Juska's motion to withdraw his pleas, he appeared to understand that the trial court had full discretion in sentencing. Moreover, he admitted that at least one of the violations was factually supported. Juska's only justification for withdrawing his pleas seemed to be remorse that he may be sentenced to jail time since he had not relocated prior to sentencing.
 {¶ 18} Given the full discussion between Juska and the trial court at the time of Juska's pleas, Juska's admission to the facts constituting his offenses, and his lack of justification for withdrawing his pleas we find that the trial court did not abuse its discretion in overruling Juska's motion to withdraw his no contest pleas. Accordingly, Juska's second assignment of error is overruled. *Page 9 
 {¶ 19} Based on the foregoing, the October 15, 2008 Judgment Entry of the Court of Common Pleas of Defiance County, Ohio sentencing Juska to twelve months in jail for two counts of Violating a Protection Order is affirmed.
Judgment Affirmed
 WILLAMOWSKI and ROGERS, J.J., concur.
[1] In the October 15, 2008 Judgment Entry, the third count of the indictment was dismissed. *Page 1