OPINION
{¶ 1} Defendant-appellant, Frederick H. Ramsey, appeals the judgment of the Court of Common Pleas, Allen County, Ohio, overruling his pre-sentence motion to withdraw his guilty plea.
 {¶ 2} According to the State's bill of particulars, Ramsey approached a woman on North Elizabeth Street in Lima, Ohio and demanded money. Before she could respond, Ramsey grabbed her and pulled her down to the ground. A struggle ensued, and the victim was able to call for help. Several people were able to come to her aid, and they were successful in freeing her and were able to detain Ramsey at the scene until police arrived.
 {¶ 3} Ramsey was indicted on one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. He initially pled not guilty to the charge, but at a change of plea hearing on November 15, 2005 he pled guilty to the charge as specified in the indictment. Two days later, he sent a letter to the court asking if he could withdraw his plea and have new counsel appointed. Thereafter, Ramsey's counsel filed a motion to withdraw as counsel; the court granted his counsel leave to withdraw and new counsel was assigned. Ramsey's new counsel filed a formal motion to withdraw his guilty plea on December 15, 2005. A hearing was held, after which the court denied the motion in its December 27, 2005 judgment entry. Thereafter, Ramsey was sentenced to two years imprisonment. He now appeals, asserting one assignment of error.
The trial court committed error prejudicial to the defendantby overruling the defendant's motion to withdraw guilty plea.
 {¶ 4} In his sole assignment of error, appellant contends that the trial court erred in failing to grant his pre-sentence motion to withdraw his plea. In support of his motion, appellant argued that he did not fully understand the effect of his plea and that he did not understand the advice given to him by counsel. He further contends that he thought he was pleading to a lesser charge. However, he maintains that he was innocent of any wrongdoing. For the reasons that follow, we find that the trial court did not err in refusing to grant the motion.
 {¶ 5} Crim.R. 32.1 permits a defendant to file a motion to withdraw a guilty plea prior to sentencing.[1] Although the general rule is that motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality, the right to withdraw a plea is not absolute. State v. Xie
(1992), 62 Ohio St.3d 521, at ¶ 1 of the syllabus; State v.Schneider (1993), Seneca App. No. 13-92-45, unreported, 1993 WL 135815. Trial courts must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Xie, 62 Ohio St.3d at 527. Thereafter, the decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at ¶ 2 of the syllabus. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 6} In making its determination whether to accept the withdrawal of a pre-sentence guilty plea, the trial court should consider: "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Lewis, Allen App. No. 1-02-10, 2002-Ohio-3950, 11 (citing State v. Lane (2001), Allen App. No. 1-01-69, unreported).
 {¶ 7} Upon examination of these factors, we first note that in the instant case there does not appear to be any prejudice to the state. There was no unreasonable delay in filing the motion; Ramsey sent his letter to the court two days after entering his plea and a formal motion was filed by his attorney within thirty days thereafter. In addition, at the hearing on the motion to withdraw the plea the trial court specifically asked the prosecutor if the state's witnesses were still available. The prosecutor did not state that her witnesses were not unavailable and further gave no indication that she could no longer prosecute the case. There has been no demonstration of undue prejudice to the state.
 {¶ 8} An examination of the remaining factors, however, supports the trial court's decision to deny the motion to withdraw the guilty plea. The record indicates that Ramsey was represented by competent counsel at the change in plea hearing. Ramsey concedes in his motion to withdraw his plea that his counsel was competent. However, he indicates that he misunderstood counsel's advice. He also indicates that he "lost confidence" in his counsel and that this hindered his attorney-client relationship. Yet in his testimony at the hearing on his motion he acknowledges that his counsel was competent and that she explained the plea form he signed. Thus, the record illustrates that Ramsey received competent representation at all times prior to the entry of his guilty plea.
 {¶ 9} The record also reflects that the trial court conducted an extensive hearing both at the Crim.R. 11 hearing and at the hearing on the motion to withdraw Ramsey's guilty plea. At the Crim.R. 11 hearing, the trial court conducted a thorough colloquy with the defendant, and informed Ramsey of all of the rights he was giving up by pleading to the charges. The trial court informed Ramsey that he was waiving his right to a jury trial, the right to confront witnesses against him, the right to subpoena witnesses to appear on his behalf, the privilege against self-incrimination, and the right to have the prosecutor prove all elements of the offense beyond a reasonable doubt. SeeBoykin v. Alabama (1969), 39 U.S. 238; State v. Ballard
(1981), 66 Ohio St.2d 473, 479-81, 423 N.E.2d 115.
THE COURT: Okay. You don't have to plead guilty. But, bypleading guilty you're giving up some very important rights. Doyou understand that you have the right to a trial, either to ajury who would sit over there, or to a judge?
 DEFENDANT: Right.
 THE COURT: If you plead guilty you're giving up, or you'rewaiving, your right to have a trial. Do you understand that?
 DEFENDANT: Yes, sir.
 THE COURT: If you plead guilty do you understand you'rewaiving, or giving up, your right to confront or cross examine orlook face to face with any of the prosecutor's witnesses? Youwon't be able to ask them any questions. Understood?
 DEFENDANT: Right.
 THE COURT: Do you understand if you plead guilty you're alsogiving up your right to present witnesses on your own behalf, orto subpoena witnesses in here to testify for you?
 DEFENDANT: Yea.
 THE COURT: Do you understand what that means?
 DEFENDANT: Yea.
 THE COURT: Do you understand if you plead guilty to theindictment you're giving up, or you're waiving, your right torequire the prosecutor's office to prove these allegations withproof beyond a reasonable doubt?
 DEFENDANT: Yea.
 THE COURT: Do you understand what that means? That means theydon't have to prove anything because you're admitting it bypleading guilty.
 DEFENDANT: Yea.
 THE COURT: Okay. Finally, do you understand that if the matterwere to go to trial that you have a constitutional right toremain silent? That means you can't be forced to testify againstyourself.
 DEFENDANT: Yea.
 THE COURT: By pleading guilty and admitting you committed theoffense you are, in fact, waiving your right to stand silent attrial. The practical aspects of that are you'll have to answerany questions that I might have at the time of sentencing. Do youunderstand that?
 DEFENDANT: Yea.
 THE COURT: Any questions about any of those rights that youare giving up?
 DEFENDANT: No, sir.
 THE COURT: And you're okay with giving those up?
 DEFENDANT: Yea.
 {¶ 10} The court also thoroughly explained the nature of the robbery charge, that it was a felony of the second degree, and the potential penalties Ramsey faced as a result of pleading guilty. Finally, the transcript indicates that Ramsey was aware of the fact that he was pleading guilty to the charges in the indictment:
THE COURT: First off, do you understand what they said isgoing to happen here — that you're going to plead guilty to theindictment?
 DEFENDANT: Yes, sir.
 THE COURT: Is that the way you want to proceed?
 DEFENDANT: Yea.
Accordingly, the record indicates that the Crim.R. 11 hearing was extensive.
 {¶ 11} Moreover, the record indicates that the hearing on the motion to withdraw the guilty plea was extensive and that the court gave full and fair consideration to the motion. At the hearing, the court permitted Ramsey to testify on his own behalf and heard arguments by counsel. The court also questioned both counsel on the availability of their witnesses and whether there would be any prejudice in permitting the withdrawal. The court also answered questions posed by Ramsey. The court then took the matter under advisement, indicating that it wanted to review the transcript of the change in plea hearing. Finally, the court gave full consideration to Ramsey's stated reasons for his request, ultimately concluding that Ramsey simply had a change of heart regarding his plea. In its judgment entry, the trial court then concluded that "there is no credible evidence that defendant was under the impression that he was pleading to something other than what was explained to him at the plea hearing." The court then correctly concluded that Ramsey's change of heart was an insufficient reason to justify a withdrawal of his guilty plea. See State v. Drake (1991), 73 Ohio App.3d 640, 645, State v.Wright (Oct. 2, 1996), Highland App. No. 95CA891, and other cases.
 {¶ 12} Finally, the record illustrates that it was unlikely Ramsey had any defense to the charges. The prosecution had a very straightforward case. Ramsey was detained after he attempted to rob a woman on the street. She was able to call for help, and several laypersons were able to come to her aid. They were able to detain Ramsey at the scene until police arrived, and the victim verified that he was her assailant. Under these facts, there is no question regarding Ramsey's identity, and the evidence appears overwhelming against him. Therefore, it is highly probable that he was guilty of the charge and does not have a complete defense.
 {¶ 13} Based on the foregoing, we find that the trial court did not abuse it's discretion in overruling Ramsey's motion to withdraw his guilty plea. The assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 Bryant, P.J., and Cupp, J., concur.
[1] Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."