OPINION *Page 2 
{¶ 1} The defendant-appellant, Rodney Rose ("Rodney"), appeals the July 14, 2006 Judgment of conviction and sentence entered in the Court of Common Pleas, Marion County, Ohio, re-sentencing him to a term of eight years in prison.
 {¶ 2} On June 24, 2003 at approximately 3:35 a.m., Rodney set fire to his residence at 960 Henry Street, Marion, Ohio by using a gasoline accelerant. He set fire while his wife, stepdaughter and stepdaughter's boyfriend were asleep in upstairs bedrooms. Fortunately, all three individuals escaped to safety through an upstairs window. However, the arson did cause substantial risk of serious physical harm to these individuals.
 {¶ 3} On August 27, 2003, Rodney was indicted by the Marion County Grand Jury on one count of Aggravated Arson, in violation of R.C.2909.02(A)(1), a felony of the first degree; one count of Aggravated Arson, in violation of R.C. 2909.02(A)(2), a felony of the second degree; and one count of Arson, a violation of R.C. 2909.03(A)(2), a felony of the fourth degree. On September 2, 2003, Rodney entered a not guilty plea at his arraignment upon the indictment.
 {¶ 4} On January 15, 2004, Rodney plead guilty to one count of Aggravated Arson in violation of R.C. 2909.02(A)(1), a felony of the first degree. The remaining two counts were dismissed. Following the submission of the pre-sentence investigation report, on April 30, 2004, the trial court entered judgment *Page 3 
of conviction and sentence. Rodney was sentenced to a prison term of eight years, five years of supervised release, and ordered to pay restitution in the amount of $3,000.00
 {¶ 5} Rodney sought leave to appeal his sentence pursuant to Ohio App. R. 5(A) in November of 2005. This Court granted leave to appeal by entry filed January 23, 2006. On June 19, 2006, this Court remanded the case for re-sentencing pursuant to State v. Foster (2006), 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 6} On July 6, 2006, the trial court held a new sentencing hearing. During the hearing, the State recommended that the trial court impose the same eight-year sentence which had previously been imposed and Rodney made an oral motion pursuant to Crim.R. 32.1 to withdraw his previously entered guilty plea on the basis that since the time of his guilty plea, the Supreme Court of Ohio's decision in Foster changed the sentencing scheme. After a hearing on the matter, the trial court denied the motion to withdraw the guilty plea and imposed a sentence identical to the first sentence.
 {¶ 7} On July 19, 2006, Rodney filed a notice of appeal raising the following assignments of error:
Assignment of Error I
 The court below erred in overruling appellant's motion to withdraw his guilty plea pursuant to Ohio Crim. R. 32.1. *Page 4 
 Assignment of Error II The sentencing order of the court below violated appellant's rights under the ex post facto and due process clauses of the United States Constitution.
 Assignment of Error III The sentencing order of the court below violated appellant's rights to a trial by jury guaranteed under the Sixth and Fourteenth Amendments of the United States Constitution.
 Assignment of Error IV The sentencing order of the court below was contrary to law under the Rule of Lenity.
 {¶ 8} Rodney asserts in his first assignment of error that the trial court erred in overruling his motion to withdraw his guilty plea pursuant to Crim.R. 32.1.
 {¶ 9} Crim.R. 32.1 states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Crim.R. 32.1 permits a defendant to file a motion to withdraw a guilty plea prior to sentencing. The general rule is that motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality. State v. Ramsey, 3rdDist. No. 1-06-01,2006-Ohio-2795, at ¶ 5, citing State v. Xie (1992), 62 Ohio St.3d 521, at paragraph one of the syllabus. An appellate court should consider *Page 5 
several factors when reviewing a trial court's decision to grant or deny a defendant's pre-sentence motion to withdraw a guilty plea including:
 (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.
State v. Griffin (2001), 141 Ohio App.3d 551, 752 N.E.2d 310. However, the right to withdraw a plea is not absolute. State v. Xie (1992),62 Ohio St.3d 521, at paragraph one of the syllabus.
 {¶ 10} Motions to withdraw guilty pleas after sentencing may only be set aside to correct manifest injustice. Manifest injustice has been defined as an extraordinary flaw in the plea proceedings. State v.Smith (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324. This Court has also held that a manifest injustice is a "clear or openly unjust act."State v. Walling, Shelby App. No. 17-04-12, 2005-Ohio-428, at ¶ 6. The decision of whether a manifest injustice occurred rests with the sound discretion of the trial court. Smith, 49 Ohio St.2d at paragraph two of the syllabus. Therefore, "this court will not reverse a trial court's denial of a motion to withdraw a plea of guilty absent an abuse of discretion on the part of the trial court." State v. Nathan
(3rd Dist. 1995), 99 Ohio App.3d 722, 725, *Page 6 651 N.E.2d 1044. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} The State argues that Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw a guilty plea subsequent to an appeal and an affirmance by the appellate court. See, State v. Allen, 12th Dist. No. CA2006-01-001,2006-Ohio-5990, ¶¶ 14-15; State v. Craddock, 8th Dist. No. 87582, 2006-Ohio-5915, ¶ 10; State v. Smith, 8th Dist. No. 82062, 2003-Ohio-3675, ¶¶ 8-9, appeal not allowed,100 Ohio St.3d 1486, 2003-Ohio-5992; State v. Kovacek, 9th Dist. No 02CA008115, 2002-Ohio-7003, ¶¶ 7-8; State v. Laster, 2nd Dist. No. 19387, 2003-Ohio-1564, ¶ 9, appeal not allowed, 94 Ohio St.3d 1434,2002-Ohio-5651.
 {¶ 12} Rodney argues that in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-256, the Supreme Court of Ohio rendered the initial sentence void and that he therefore stands as a defendant making a Crim.R. 32.1 motion to withdraw a plea prior to sentence; and that such a motion should be freely allowed and treated with liberality. Ramsey, supra.
 {¶ 13} Upon review of the record, we find that it is unnecessary for us to address which of these arguments prevails because in this case there is no proffer or other indication in the record that the defendant has set forth any grounds upon *Page 7 
which the trial court should grant leave to withdraw the plea in any event. Nor does the record establish anything which would constitute a manifest injustice. Therefore, even assuming the trial court had jurisdiction to consider the Crim.R. 32.1 motion, there is nothing in the record to indicate the trial court abused its discretion in failing to grant the motion in this case. Accordingly, the trial court did not err in overruling Rodney's motion to withdraw his guilty plea. Therefore, Rodney's first assignment of error is overruled.
 {¶ 14} In his second and third assignments of error, Rodney alleges that the trial court violated his rights under the Ex Post Facto and Due Process Clauses of the United States Constitution and his rights to a trial by jury guaranteed under the Sixth and Fourteenth Amendments of the United States Constitution.
 {¶ 15} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103. Regarding new sentences and re-sentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence *Page 8 
within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100.
 {¶ 16} As this Court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to sentence Rodney to an eight year prison term. Rodney pled guilty to a first-degree felony.
 {¶ 17} Pursuant to R.C. 2929.14(A),
 [t]he court shall impose a definite prison term that shall be one of the following:
 (1) Felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.
Rodney could have been sentenced to as little as three years or as much as ten years for the count that he pled guilty to. In this case, Rodney was sentenced to eight years.
 {¶ 18} In addition, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in his argument that his sentence violates the Ex Post Facto and Due Process Clauses. Rodney entered a plea of guilty on January 15, 2004. He was sentenced to an eight year prison term on April 30, 2004. He filed a notice of appeal with this Court pursuant to Ohio App.R. 5(A) in November of 2005 which was granted by this Court on January 23, 2006. The Supreme Court of Ohio announced its decision in Foster on February *Page 9 
27, 2006. This Court reversed the judgment of the trial court and remanded the case to the trial court for re-sentencing on June 19, 2006. On July 6, 2006, the trial court re-sentenced Rodney to the same eight year prison term. We note, as to this case, that the offense occurred subsequent to the United States Supreme Court's holding in Apprendi v.New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion in McGhee that the remedy announced inFoster does not violate due process. Likewise, the sentencing range for his felonies has remained unchanged, so Rodney had notice of the potential sentence for his offenses.
 {¶ 19} Furthermore, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, 2006, the United States Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006), 127 S.Ct. 442,166 L.Ed.2d 314.
 {¶ 20} Accordingly, Rodney's second and third assignments of error are overruled.
 {¶ 21} Rodney argues in his fourth assignment of error that the "rule of lenity" requires that a defendant receive minimum and concurrent sentences.
 {¶ 22} The "rule of lenity" was originally a common law rule of statutory construction that was codified in R.C. 2901.04(A), which provides: *Page 10 
 Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.
 {¶ 23} While courts are required to strictly construe statutes defining criminal penalties against the state, the rule of lenity applies only where there is ambiguity in a statute or conflict between multiple states. United States v. Johnson (2000), 529 U.S. 53, 59,120 S.Ct. 1114, 146 L.Ed.2d 39; United States v. Lanier (1997),520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432; State v. Arnold (1991),61 Ohio St.3d 175, 178, 573 N.E.2d 1079. There exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void in State v. Foster, supra. Therefore, the rule of lenity has no bearing on the present case because Foster can be easily understood to state that portions of the sentencing framework are unconstitutional and provides no ambiguity as to the unconstitutionality of certain statutes. Therefore, Rodney's fourth assignment of error is overruled.
 {¶ 24} Accordingly, Rodney's assignments of error are overruled and the July 14, 2006 Judgment of conviction and sentence entered in the Court of *Page 11 
Common Pleas, Marion County, Ohio, re-sentencing him to a term of eight years in prison is affirmed.
 Judgment affirmed. *Page 1