[Cite as *State v. Jones*, 2014-Ohio-3872.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  7-14-05

      v.

JEFFREY A. KEEHN,                O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 13 CR 0049

Judgment Affirmed

Date of Decision:  September 8, 2014

APPEARANCES:

      *Billy D. Harmon* **for Appellant**

      *J. Hawken Flanagan* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Jeffrey A. Keehn ("Keehn"), appeals the March 18, 2014 judgment entry of sentence of the Henry County Court of Common Pleas. He argues that the trial court erred by denying his presentence motion to withdraw his guilty plea. For the reasons that follow, we affirm.

{¶2} On September 17, 2013, the Henry County Grand Jury indicted Keehn on two counts: Counts One and Two of breaking and entering in violation of R.C. 2911.13(A), fifth-degree felonies. (Doc. No. 3).

{¶3} On October 1, 2013, Keehn appeared for arraignment and pled not guilty to both counts of the indictment. (Oct. 1, 2103 Tr. at 2-3).

{¶4} On January 8, 2014, a change-of-plea hearing was held. (Doc. Nos. 13, 15). Pursuant to a negotiated plea agreement, Keehn pled guilty to both counts of the indictment, and the State recommended that Keehn be sentenced to 120 days, have a 12-month reserve sentence, pay restitution, and, if the trial court found Keehn eligible, be permitted to participate in the work-release program. (Jan. 8, 2014 Tr. at 2). The trial court conducted a Crim.R. 11 colloquy, accepted Keehn's guilty plea, and scheduled a sentencing hearing for February 21, 2014. (Jan. 8, 2014 Tr. at 3-10); (Doc. Nos. 13-15).

{¶5} On February 14, 2014, Keehn filed a motion to withdraw his guilty plea. (Doc. No. 16). On February 21, 2014, the trial court held a hearing regarding Keehn's motion to withdraw his guilty plea. (Feb. 21, 2014 Tr. at 1).

{¶6} On February 26, 2014, the trial court issued its order overruling Keehn's motion to withdraw his guilty plea and scheduled the matter for sentencing. (Feb. 26, 2014 JE, Doc. No. 18).

{¶7} On March, 14, 2014, the trial court sentenced Keehn to three years of community control. (Mar. 18, 2014 JE, Doc. No. 23); (Mar. 14, 2014 Tr. at 4). Keehn's community control sanctions included: 120 days in jail, with work-release privileges, as to Counts One and Two; a 12-month reserve-prison term as to Count One and a 12-month reserve-prison sentence as to Count Two, which would be served consecutively if Keehn violated the terms of community control; and restitution. (*Id.*); (*Id.* at 5-6).

{¶8} Also on March 14, 2014, the trial court appointed new counsel to represent Keehn for appellate purposes. (Mar. 14, 2014 JE, Doc. No. 20). On March 17, 2014, Keehn filed a motion to stay the execution of his sentence for 30 days pending this appeal. (Doc. No. 21). The trial court granted Keehn's motion. (Mar. 17, 2014 JE, Doc. No. 22).

{¶9} On March 24, 2014, Keehn filed a notice of appeal. (Doc. No. 64). On April 8, 2014, Keehn filed a motion with this court requesting a stay of

execution of his sentence pending the disposition of this appeal. This court denied Keehn's motion. (Apr. 28, 2014 JE).

{¶10} Keehn raises one assignment of error for our review.

**Assignment of Error**

**Whether the trial court abused its discretion in denying the Defendant/Appellant's motion to withdraw his guilty plea prior to sentencing.**

{¶11} In his assignment of error, Keehn argues that the trial court erred in denying his February 14, 2014 presentence motion to withdraw his guilty plea. Specifically, Keehn argues that the trial court did not appropriately consider the factors to determine if a "reasonable and legitimate basis" existed to allow Keehn to withdraw his guilty plea—namely, that the trial court did not appropriately consider the effectiveness of his trial counsel and whether his mental health status may have had an effect on his understanding of the proceedings.

{¶12} A defendant may file a presentence motion to withdraw a guilty plea. Crim.R. 32.1. Although a trial court should freely grant such a motion, a defendant does not maintain an absolute right to withdraw his plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. *Id.* at paragraph one of the syllabus.

{¶13} We consider several factors when reviewing a trial court's decision to grant or deny a defendant's presentence motion to withdraw a plea, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 21, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001).

{¶14} Ultimately, it is within the sound discretion of the trial court to determine what circumstances justify granting a presentence motion to withdraw a guilty plea. *Xie* at paragraph two of the syllabus. Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith*, 49 Ohio St.2d 261, 361 (1977). An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62

Ohio St.2d 151, 157-158 (1980). When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

{¶15} Upon examination of the factors to determine if Keehn had a "reasonable and legitimate basis" to withdraw his guilty plea, we first note that, as recognized by the trial court in its February 26, 2014 judgment entry, the first and sixth factors weigh in Keehn's favor—that is, the State did not articulate any reasons why it would be prejudiced if Keehn's motion were to be granted, and Keehn filed his motion one week prior to his scheduled sentencing hearing. (Feb. 26, 2014 JE, Doc. No. 18). While the trial court noted that, with respect to the timing of Keehn's motion, "sooner would have been preferable, any delay was attributable to [Keehn's] problem of meeting with legal counsel given the inclement weather." (*Id.* at 4). We agree that these two factors weigh in Keehn's favor.

{¶16} Nevertheless, an examination of the remaining factors supports the trial court's decision to deny Keehn's presentence motion to withdraw his guilty plea.

{¶17} The trial court conducted an extensive Crim.R. 11 hearing, and an extensive hearing on Keehn's motion to withdraw his guilty plea. (*See* Jan. 8, 2014 Tr.); (Feb. 21, 2014 Tr.). At the change-of-plea hearing, the trial court

conducted a thorough colloquy with Keehn, as required by Crim.R. 11, and informed him of all of the rights he was waiving by pleading guilty to the charges. (Jan. 8, 2014 Tr. at 3-10). The trial court informed Keehn that he was waiving his right to a jury trial, the right to confront witnesses against him, the right to subpoena witnesses to appear on his behalf, the privilege against self-incrimination, and the right to have the prosecutor prove all elements of the offense beyond a reasonable doubt. (*Id.*). *See also State v. Ballard*, 66 Ohio St.2d 473, 479-81 (1981).

{¶18} The record also illustrates that the hearing on Keehn's motion to withdraw his guilty plea was extensive. The trial court actively participated in the hearing by asking Keehn several questions, permitted Keehn to testify on his own behalf, and provided both sides the opportunity to present arguments regarding the motion, which neither party chose to do. (*See* Feb. 21, 2014 Tr. at 2-11). While Keehn testified on his own behalf at the hearing, he did not present any other witnesses or any other documentary evidence in support of his motion. In particular, Keehn did not introduce any evidence regarding the medical conditions with which he said he was diagnosed, or how those medical conditions may have affected his ability to understand the proceedings.

{¶19} The trial court gave full consideration to Keehn's stated reasons for his motion to withdraw his guilty plea. Instead of issuing its ruling immediately,

the trial court noted that it would "review the applicable case law and take the testimony into consideration" and "review the plea and whether or not [the trial court was] in full compliance with Rule 11." (*Id.* at 11). Five days later, the trial court issued a five-page judgment entry thoroughly explaining that Keehn did not demonstrate a reasonable and legitimate basis for the withdrawal of his guilty plea. (*See* Feb. 26, 2014 JE, Doc. No. 18). In particular, the trial court noted that Keehn's main reasons for his request centered on the alleged ineffective assistance of his trial counsel and that his alleged mental conditions may have contributed to his misunderstanding of the nature of the charges and potential sentences. (*Id.* at 4-5). After considering Keehn's arguments, the trial court ultimately concluded that Keehn failed to show that his trial counsel was deficient and how his purported mental conditions would have prevented him from entering a knowing plea. (*Id.*).

{¶20} With respect to his claim that he was denied the effective assistance of counsel, we note that a defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show

there is a reasonable probability that but for counsel's deficient or unreasonable performance, the defendant would not have pled guilty. *Xie*, 62 Ohio St.3d at 524, citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) and *Strickland* at 687. When asserting that trial counsel failed to introduce evidence, the defendant must show that "such evidence was available or that it would have corroborated [their] assertions." *State v. Dunn*, 3d Dist. Allen No. 1-02-98, 2003-Ohio-4353, ¶ 19.

{¶21} On appeal, Keehn's basis for his claim of ineffective assistance of counsel is that his trial counsel failed to conduct a prompt investigation regarding the circumstances of his mental health and, subsequently, failed to present complete and accurate evidence of his disability to the trial court. Specifically, at the hearing on Keehn's motion to withdraw his guilty plea, Keehn argues that his trial counsel should have conducted a more extensive inquiry into Keehn's mental health history. The transcript of the hearing reveals the following exchange:

[Keehn's Counsel]: Okay. Before we get into that can you explain to the Court your current medical and mental conditions?

[Keehn]: Yeah, I'm bipolar, schizoaffective, high anxiety disorder.

[Keehn's Counsel]: Okay, and have you been diagnosed by a medical professional of those disorders?

[Keehn]:               Yes sir.

[Keehn's Counsel]:   Are you currently under any medication for those disorders?

[Keehn]:               No, I'm working on it right now.

[Keehn's Counsel]:   Okay, could you explain that?

[Keehn]:               I lived in Findlay and I was on medication then. I moved over here and I've got to go through Maumee Valley and I can't go back and see Dr. Grey until then.

[Keehn's Counsel]:   Okay, so at any point during, well let's see, from November 4 we had a pre-trial up until today have you ever been on any medication?

[Keehn]:               No.

(Feb. 21, 2014 Tr. at 3-4).

{¶22} However, Keehn offered no evidence that would have corroborated his assertions, such as the testimony of a medical professional.[1] *See Dunn*, 2003-Ohio-4353, at ¶ 19. In *Dunn*, the defendant-appellant asserted that her trial counsel's assistance was ineffective because her trial counsel did not introduce

---

[1] The presentence investigation report ("PSI") reflects that Keehn advised Probation Officer Bruce Weirauch ("Probation Officer Weirauch") that he was "diagnosed as Bi-Polar by Dr. Mercado while incarcerated at [the Corrections Center of Northwest Ohio ("CCNO")]." (PSI at 15). The PSI further reflects that "[i]nformation was requested from CCNO regarding [Keehn's] mental health issues, however all information returned was related to his physical problems that were being treated during his incarceration." (*Id.*).

evidence of her mental and physical conditions at the change-of-plea hearing. *Id.* Specifically, Dunn claimed that her plea entry was affected by her inability to take her prescribed medications. *Id.* This court concluded that Dunn did not sustain her burden of showing that her counsel's assistance was deficient or that the outcome of the proceeding would have been different because she failed to show that any such evidence of her mental and physical conditions was available or that it would have corroborated her assertions. *Id.* Because Keehn made no showing that corroborating medical evidence was available, he did not sustain his burden of showing that he would not have pled guilty absent his trial counsel's deficient performance. *See id*; *Xie* at 524.

{¶23} Next, Keehn claims that the trial court abused its discretion because it failed to adequately inquire as to his mental health status and the effect his mental health status may have had on his understanding of the proceedings. However, at the change-of-plea hearing, Keehn did not provide the trial court any indication that his mental health status may have had any effect on his understanding of the nature of the charges and potential sentences. The transcript of the change-of-plea hearing reveals the following exchange:

[Trial Court]:    Are you on any medication right now?

[Keehn]:    No sir.

[Trial Court]: Have you ever received any mental health treatment?

[Keehn]: Yes sir.

[Trial Court]: Are you currently in any treatment?

[Keehn]: No sir.

(Jan. 8, 2014 Tr. at 4).

{¶24} Keehn provided no further elaboration on his mental health status to alert the trial court that his mental health status may have prevented him from understanding the proceedings. Instead, the transcript from the change-of-plea hearing illustrates that Keehn understood the nature of the charges against him and the possible penalties. Keehn stated that he read and understood the plea agreement, that he did not have any questions regarding anything in the plea agreement, and that he discussed his case with his trial counsel prior to signing the plea agreement. (*Id.* at 3, 5-6). Keehn stated that he was satisfied with his trial counsel's services and that his trial counsel answered his questions. (*Id.* at 5). In addition, Keehn stated that he understood the nature and degree of the charges, the potential sentences he faced on each of the charges, the terms and conditions of community control, the possibility of a prison term if he violates community control, and the terms and conditions of post-release control. (*Id.* at 4-7). Likewise, during the plea colloquy, Keehn indicated that he understood each of the

rights that he was waiving. (*Id.* at 7-10). Thereafter, the trial court conducted the following exchange:

> [Trial Court]: Mr. Jeffery Keehn as to the charge of Breaking and Entering in Count One and Two as defined in 2911.13(A) of the Revised Code of Ohio being felonies of the fifth degree how do you plea?
>
> [Keehn]: Guilty sir.
>
> [Trial Court]: And that's to both counts?
>
> [Keehn]: Yes sir.

(*Id.* at 10).

**{¶25}** Nevertheless, at the hearing on his motion to withdraw his guilty plea, Keehn testified that he was suffering from mental health condition and that those conditions were not being managed by medication. (Feb. 21, 2014 Tr. at 9-11). Keehn further testified that he did not understand the proceedings and what he was pleading to. (*Id.* at 7, 9) The transcript of the hearing on Keehn's motion to withdraw his guilty plea reveals the following exchange regarding his mental health status:

> [Trial Court]: Do you feel that, now the diagnosis of the bipolar condition, when were you made aware that you had that condition?

[Keehn]: Last year.

[Trial Court]: So you've known that for a while?

[Keehn]: Yeah.

[Trial Court]: Okay.

[Keehn]: And Dr. Roy, I always knew there was something wrong with me I just didn't want to, I guess tell others.

[Trial Court]: Do you feel, well, the day that you did enter the plea, I think I had asked you if at that time, if anybody threatened you to enter a plea and you had said no. And had anybody promised you anything other than the proposal that the prosecutor had made and you said no promises other than that. And I did ask if you, if you had ever received any mental health treatment and you told me yes.

[Keehn]: Um hmm.

[Trial Court]: But you didn't, at that point you didn't expand on that. I think I asked you at the time if you were on any medication and you said no.

[Keehn]:     Yeah, I'm not.  I was but not no more, I've got to get back on it.

[Trial Court]:  When did you come to that decision that you think you needed back on the medication?

[Keehn]:     Well I went to there and I moved back here and I went to Maumee Valley but they can't get me in to see the doctor until April.  I'm trying to get everything going.

[Trial Court]:  Okay.

[Keehn]:     So I can get back on my medicine.

[Trial Court]:  I see.  When were you last on medication?

[Keehn]:     About six months ago.

(*Id.* at 9-11).

{¶26} Yet, there is no evidence in the record to support Keehn's claim that his mental health conditions, or the lack of medication to treat these conditions, affected his ability to understand the proceedings.  *See State v. Prince*, 3d Dist. Auglaize No. 2-12-07, 2012-Ohio-4111, ¶ 27 (there was no evidence in the record that the defendant was not able to think clearly because of a lack of proper medication for his psychological conditions).  At the hearing on his motion to withdraw his guilty plea, as referenced above, Keehn merely stated the mental

-15-

conditions with which he believed he was diagnosed. He provided no explanation how those conditions, or how not taking any medication to treat those conditions, may have affected his understanding of the proceedings. Moreover, Keehn did not provide any corroborating medical evidence of his assertions.

{¶27} Rather, Keehn indicated that he thought he should be convicted of only misdemeanor offenses, not felonies. (Feb. 21, 2014 Tr. at 9). According to Keehn, he "didn't understand a lot of what's going on" and "was told that [he] could get to plea to something else." (*Id.* at 7). Likewise, Keehn indicated that he thought he was pleading guilty to only one of the counts of the indictment. (*Id.* at 8). Overall, Keehn contended that he did not think he had "enough time to try to understand everything that was going on." (*Id.* at 9).

{¶28} As noted above, the record reflects that Keehn understood that he was pleading guilty to *both* counts of the indictment as *felony* offenses. (Jan. 8, 2014 Tr. at 10). Likewise, Keehn made the decision to plead guilty after consulting with his attorney and indicated at the change-of-plea hearing that he understood all of his rights. (*Id.* at 8). Accordingly, it appears that Keehn's motion to withdraw was premised on nothing more than a change of heart as there was no credible evidence that Keehn was under the impression that he was pleading to something other than what was explained to him at the plea hearing. *State v. Ramsey*, 3d Dist. Allen No. 1-06-2001, 2006-Ohio-2795, ¶ 11. A mere

"change of heart" is insufficient grounds for allowing the withdrawal of a guilty plea. *Id.*, citing *State v. Drake* (1991), 73 Ohio App.3d 640, 645 (8th Dist.1991) and *State v. Wright*, 4th Dist. Highland No. 95CA891, 1996 WL 557809, *4 (Oct. 2, 1996). Thus, Keehn's reasoning that he thought he should be convicted only of misdemeanors, not felonies, is not a reasonable and legitimate basis to permit him to withdraw his guilty plea.

{¶29} Finally, Keehn did not assert that he had a meritorious defense to the charges of breaking and entering. In fact, we note that, at the February 21, 2014 hearing, he admitted to committing the crimes. (Feb. 21, 2014 Tr. at 5). Instead, as we noted above, Keehn claimed that he thought the charges should have been reduced to misdemeanor offenses as the result of his guilty plea. (*Id.* at 8-9).

{¶30} As a result, for all of the above reasons, we find that the trial court did not abuse its discretion in denying Keehn's presentence motion to withdraw his guilty plea.

{¶31} Accordingly, Keehn's assignment of error is overruled.

{¶32} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**