[Cite as *State v. Springer*, 2023-Ohio-1617.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

       PLAINTIFF-APPELLEE,                  CASE NO. 5-22-29

       v.

JOSHUA L. SPRINGER,               O P I N I O N

       DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2020 CR 0153

Judgment Affirmed

Date of Decision: May 15, 2023

APPEARANCES:

    *W. Alex Smith* for Appellant

    *Phillip A. Riegle* for Appellee

**MILLER, P.J.**

{¶1} Defendant-appellant, Joshua Springer, appeals the September 22, 2022 judgment of sentence of the Hancock County Court of Common Pleas. For the reasons that follow, we affirm.

### I. Facts & Procedural History

{¶2} On June 9, 2020, the Hancock County Grand Jury indicted Springer on one count of importuning in violation of R.C. 2907.07(B)(1), a fifth-degree felony, and one count of sexual imposition in violation of R.C. 2907.06(A)(4), a third-degree misdemeanor. On April 28, 2021, Springer appeared for arraignment and pleaded not guilty to the counts of the indictment.

{¶3} A change of plea hearing was held on January 24, 2022. At the hearing, Springer withdrew his previous not guilty pleas and entered guilty pleas to both counts of the indictment. The trial court accepted Springer's pleas and found him guilty. The trial court set a sentencing hearing for April 28, 2022.

{¶4} On April 18, 2022, Springer filed a motion to withdraw his guilty pleas. Springer advanced several reasons for his request, including that his trial counsel "failed to thoroughly go over the motion of discovery and other pertinent information in this case and/or negotiate a plea bargain" and that his trial counsel "overstated risks of proceeding to trial to pressure [him] into accepting the plea of guilty." A hearing on Springer's motion to withdraw was held in place of the

sentencing hearing on April 28, 2022. At the conclusion of the hearing, the trial court denied Springer's motion.

**{¶5}** A sentencing hearing was eventually held on September 22, 2022, with Springer being represented by new counsel. At the hearing, the trial court sentenced Springer to 11 months in prison for importuning and 60 days in jail for sexual imposition. The trial court ordered that the terms of incarceration be served concurrently. The trial court filed its judgment entry of sentence on September 22, 2022.

## II. Assignment of Error

**{¶6}** On October 3, 2022, Springer timely filed a notice of appeal. He raises the following assignment of error for our review:

> **The trial court erred by denying the defendant's motion to withdraw his plea.**

## III. Discussion

**{¶7}** In his assignment of error, Springer argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea. Specifically, Springer contends that the trial court should have granted his motion because "he had a valid basis for the filing and it was timely filed before sentencing."

**{¶8}** "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph two of the syllabus. "Therefore, appellate review of a

trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion." *State v. Keehn*, 3d Dist. Henry No. 7-14-05, 2014-Ohio-3872, ¶ 14. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). "When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court." *Keehn* at ¶ 14, citing *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

{¶9} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Although "a presentence motion to withdraw a guilty plea should be freely and liberally granted[,] * * * a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Xie* at 527.

{¶10} "A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

> When reviewing a trial court's denial of a presentence motion to withdraw a guilty plea, this court considers several factors, including: (1) whether the withdrawal will prejudice the prosecution; (2) the

-4-

representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges.

*State v. Liles*, 3d Dist. Allen No. 1-18-69, 2019-Ohio-3029, ¶ 11. "None of the factors is determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16.

{¶11} Having reviewed the record, we conclude the trial court did not abuse its discretion by denying Springer's motion to withdraw his guilty pleas. As the State did not contend at the withdrawal hearing that it would be prejudiced if Springer were permitted to withdraw his guilty pleas, the first factor weighs in favor of allowing the withdrawal. However, the remaining factors support the trial court's decision to deny Springer's motion to withdraw.

{¶12} To begin, before accepting Springer's guilty pleas, the trial court conducted a thorough colloquy in compliance with Crim.R. 11. As part of the colloquy, Springer was informed concerning the charges against him and the potential sentences, and Springer confirmed that he understood the trial court's advisements. Accordingly, the third and eighth factors weigh against allowing Springer to withdraw his guilty pleas.

{¶13} In addition, before denying Springer's withdrawal motion, the trial court conducted a hearing at which Springer was afforded a full opportunity to explain his reasons for wanting to withdraw his guilty pleas. During the hearing, the trial court actively questioned Springer, and in ruling on Springer's motion, the trial court exhaustively examined the factors weighing for and against granting the motion and gave a clear explanation why it was denying the motion. Consequently, the fourth and fifth factors weigh in favor of the trial court's decision denying Springer's motion to withdraw.

{¶14} Concerning the seventh factor—the reasons for Springer's motion—we are unconvinced that Springer had a legitimate basis for withdrawing his guilty pleas. At the hearing, Springer elaborated on the grounds set forth in his motion, explaining that he only had about an hour to review the discovery, that he "didn't get to go through [the discovery] as deeply as [he] would have liked," and that he felt "just a little bit of coercion" from his trial counsel to "get the case over." (Apr. 28, 2022 Tr. at 11-12, 20). But the record contradicts Springer's claims. Specifically, at the change of plea hearing, the trial court asked Springer whether he had had a chance to review the discovery with his attorney, whether he had had the opportunity to ask his attorney questions about the discovery, and whether his trial counsel had answered his questions. (Jan. 24, 2022 Tr. at 12-15). Springer answered affirmatively to each of the trial court's questions. (Jan. 24, 2022 Tr. at

13-15). The trial court also asked Springer whether he had been pressured into pleading guilty and whether he was pleading guilty of his own free will after consulting with counsel. (Jan. 24, 2022 Tr. at 39-40). Springer answered that he was voluntarily pleading guilty and that he had had a chance to speak to his trial counsel about his decision. (Jan. 24, 2022 Tr. at 40).

{¶15} Moreover, at the hearing on Springer's withdrawal motion, Springer's trial counsel stated that he had an opportunity to review the discovery with Springer and that he "gave [Springer] [his] honest opinion, after 20 years of being a criminal defense attorney, * * * of what [he] felt would happen." (Apr. 28, 2022 Tr. at 7). Springer's trial counsel further explained that it was difficult to contact Springer in the days leading up to his plea and that this might have contributed to Springer's more-abbreviated review of the discovery materials. (*See* Apr. 28, 2022 Tr. at 17-18). Springer's trial counsel also said that he "was an advocate that [he] didn't think trial was in [Springer's] best interests" and that he encouraged Springer to enter a plea but "never to the point of coercion." (Apr. 28, 2022 Tr. at 20-21). Thus, not only do Springer's trial counsel's statements serve as a counterpoint to Springer's claims but they also evidence that Springer received competent, quality representation in the lead-up to his guilty pleas. Therefore, the second and seventh factors weigh in favor of the trial court's decision denying Springer's motion to withdraw.

{¶16} With respect to the sixth factor—the timing of the motion—we agree with the trial court that the timing of Springer's motion weighs against allowing him to withdraw his guilty pleas. Specifically, the trial court found that Springer did not file his motion to withdraw within a reasonable time because "[t]he issues Mr. Springer spell[ed] out on the record certainly occurred prior to the entry of the plea" and "[t]here's nothing in the record that indicates [the motion] couldn't have been filed sooner." (Apr. 28, 2022 Tr. at 31). We, like the trial court, find it notable that Springer, although aware of the eventual bases for his request to withdraw his guilty pleas, waited nearly three months to file his motion and filed it only when his sentencing date was nigh. Consequently, the sixth factor supports the trial court's decision to deny Springer's motion to withdraw his guilty pleas.

{¶17} Finally, nothing in the record of this case suggests that Springer was perhaps not guilty of the offenses with which he was charged or that Springer had a complete defense to the charges. Thus, the ninth factor supports the trial court's decision to deny Springer's motion.

{¶18} Considering the totality of the circumstances, the trial court's decision to deny Springer's motion was not unreasonable, arbitrary, or unconscionable. From the record, it appears either that Springer was attempting to delay a potential prison sentence or had second thoughts about his decision to plead guilty and wanted to backtrack. Indeed, at the withdrawal hearing, Springer stated that, having thought

about what was going to happen at sentencing, he felt he needed to "go a different route at this time" and that going to trial would "be a better thing for [him] to do." (Apr. 28, 2022 Tr. at 9, 27). Thus, the record reflects that Springer had a change of heart about his decision to plead guilty, which does not serve as a "reasonable basis requiring a trial court to permit the defendant to withdraw the plea." *State v. Campbell*, 4th Dist. Athens No. 08CA31, 2009-Ohio-4992, ¶ 7. Accordingly, we conclude that the trial court did not abuse its discretion by denying Springer's motion to withdraw his guilty pleas.

{¶19} Springer's assignment of error is overruled.

## IV. Conclusion

{¶20} For the foregoing reasons, Springer's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Hancock County Court of Common Pleas.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**